IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES BRICE CHAPMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-01310-O-BP |
| § | |
| CHRISTINA MICHELLE CHAPMAN, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On November 20, 2025, *pro se* Plaintiff Charles Brice Chapman filed a complaint against Defendants Christina Michelle Chapman, Stephen L. Johnson, and Matthew L. Harris, alleging that the defendants violated his constitutional rights. ECF No. 1. Mr. Chapman seeks a declaratory judgment that the January 7, 2016 decree of a state court in Lubbock County, Texas was void ab initio, a permanent injunction prohibiting enforcement of the void judgment and restoring all of Mr. Chapman's "rights and property taken under color of law, and a judgment under 42 U.S.C. § 1983, for conspiracy, and for unconstitutional taking of his homestead property. ECF No. 1 at 10-11. Mr. Chapman seeks to recover unspecified damages in addition to declaratory and injunctive relief. *Id.* at 10-12. Although Mr. Chapman does not mention them in the complaint, his civil cover sheet also lists the following additional defendants: Ron Enns (137th District Court), Judge J. Trey McClendon, III (County Court at Law), Central Bail Bonds, Lubbock County Sheriff's Office, Lubbock County District Attorney, and Ross Holdings / Brandon Tyler. *Id.* at 4.

Mr. Chapman's complaint alleges that the defendant Christina Michelle Chapman resides in Texas and was Mr. Chapman's former spouse; Stephen L. Johnson, a former judge in Lubbock

County, entered a void order in 2016; and Matthew L. Harris, an attorney in Lubbock, "participated in enforcement of the void decree and actions taken under color of law. *Id.* at 8. Mr. Chapman asserts that the Court has subject-matter jurisdiction under 28 U.S.C. §1331. *Id.* at 7.

By electronic order entered on January 7, 2026, Chief United States District Judge Reed O'Connor referred this case to the undersigned. After reviewing Mr. Chapman's complaint, Notice of Venue Protection and Non-Transfer Demand (ECF No. 3), and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **TRANSFER** the case to the Lubbock Division of the Court.

Mr. Chapman's complaint alleges no facts that connect his claims to the Fort Worth Division of the Court. In his Notice of Venue Protection, he asserts that "Fort Worth is the Proper and Only Safe Venue." ECF No. 3 at 2. He claims under 28 U.S.C. § 1391(b)(2) that "substantial events giving rise to the federal claims occurred outside Lubbock . . . ." *Id.* However, he does not state facts to show that any of those events occurred in the Fort Worth Division.

Likewise, he claims under 28 U.S.C. § 1391(b)(3) that "when local courts are compromised or unable to guarantee due process, the plaintiff may file in any district where the defendants are subject to personal jurisdiction." But Mr. Chapman states no facts to show that any of the Court's judges in the Lubbock Division have any involvement in the facts at issue in his case. Instead, he claims various local officials, sheriffs, and judges "jailed [him] multiple times under the void decree," seized his property, threatened him, and are otherwise compromised from participation in his case. ECF No. 3 at 2-4. Further, he asserts that any attempt to transfer the case would violate the Fifth and Fourteenth Amendments of the constitution of the United States, and that Fort Worth is the only venue where he can receive a "fair, impartial, and constitutionally compliant review." *Id.* At 4. Although he claims that transfer of the case to the Lubbock Division would violate his

constitutional rights, he cites no legal authority to support this conclusion, nor does he state any facts to show how the federal judges who preside over cases in the Lubbock Division could not fairly and impartially consider his case.

The general venue statute, 28 U.S.C. § 1391(b), applies to clams under 42 U.S.C. § 1983. *E.g.*, *Read v. Naylor*, No. 5:18-cv-035-M-BQ, 2018 WL 11174781, at *1 (N.D. Tex. Feb. 27, 2018) (citing *Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989)). Under that statute, venue in a civil action such as this one is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

The district where a plaintiff such as Mr. Chapman resides is irrelevant to the issue of where a suit is properly filed, though Mr. Chapman asserts that his homestead is in Lubbock. ECF

No. 10 at 2. As to the issue of the defendants' residence, that information is unclear here since Mr. Chapman does not plead addresses for any defendant. *See generally* ECF No. 1. While it is likely that Ms. Chapman has a residence somewhere in Texas, the remaining defendants appear to reside or have their headquarters in Lubbock, though Mr. Chapman does not say for certain. Most importantly, he does not allege that any of the defendants reside in the Fort Worth Division of the Court.

Lubbock County is in the Lubbock Division of the Court. *See* 28 U.S.C. § 124(a)(7). Mr. Chapman pleads no facts to demonstrate that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated" in the Lubbock Division of the Northern District of Texas. 28 U.S.C. § 1391(b)(2). Instead, his suit appears to challenge the aftermath of the entry of a divorce decree by a state court in Lubbock County. *See generally* ECF No. 1. Because Mr. Chapman does not assert any facts to suggest a connection with a county other than Lubbock County*,* the Court concludes that he has not shown that venue is proper in this division.

This case concerns a decree that a state court in Lubbock County entered, actions taken by others in Lubbock County, and an alleged taking of property by the City of Lubbock. *See* ECF No. 1. The undersigned discerns no connection with the Fort Worth Division of the Court other than Mr. Chapman's expressed desire for the case to be heard in Fort Worth because of the many connections that it has to Lubbock County and various local, county, and state officials there. *See* ECF No. 3. However, Mr. Chapman offers no facts to show that any of those connections include the Court's judges who preside in the Lubbock Division. Accordingly, the undersigned **RECOMMENDS** that in the interest of justice, Chief United States District Judge Reed O'Connor **TRANSFER** this action to the Lubbock Division of the Court.

**SIGNED** on January 8, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE