UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CHARLES BRICE CHAPMAN,

    Plaintiff,

v.                                                          No. 5:26-CV-023-H

CHRISTINA MICHELLE CHAPMAN, et
al.,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendation (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch. Dkt. No. 77. Pro se plaintiff Charles B. Chapman alleges that his ex-wife, her attorney, and the judge presiding over his divorce proceedings, Judge Stephen L. Johnson, conspired to violate his constitutional and civil rights. *See* Dkt. No. 16. Judge Burch recommends dismissing Chapman's claims against all defendants without prejudice for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. She also recommends denying Judge Johnson's motion to dismiss (Dkt. No. 76) as untimely. Chapman timely objected to the FCR. *See* Dkt. No. 79.

The Court overrules the objections and adopts the FCR in full. Chapman's claims are premised on the assertion that his state divorce decree was "VOID ab initio." Dkt. No. 16 at 11. Thus, to the extent Chapman seeks reversal of his state divorce decree and other related orders, he is collaterally attacking state-court proceedings and, as a result, the Court lacks jurisdiction under *Rooker-Feldman*. Moreover, to the extent any proceedings are still pending, the Court abstains under *Younger v. Harris*, 401 U.S. 37 (1971). All of Chapman's

objections are meritless. The Court thus denies Judge Johnson's motion to dismiss (Dkt. No. 76) as untimely, grants the other defendants' Rule 12(b)(1) motions to dismiss (Dkt. Nos. 50; 60), and dismisses Chapman's claims against all defendants without prejudice for lack of subject-matter jurisdiction. To the extent Chapman's state-court civil and criminal proceedings are ongoing, the Court abstains from considering Chapman's requests for relief related to those proceedings. Lastly, the Court denies all other pending motions without prejudice as moot.

## 1.    Background

### A.    Factual Background and Procedural History

Chapman is a vexatious litigant. Dkt. No. 51 at 6; *see Int. of L.G. Chapman*, No. 2015-517,463 (364th Dist. Ct., Lubbock County, Tex. July 25, 2025). In this case, he alleges that his ex-wife, Christina Michelle Chapman Lewis, her counsel, Matthew Harris, and Judge Johnson conspired to violate his constitutional and civil rights. *See* Dkt. No. 16 at 5–9. His claims are premised on the assertion that his state divorce decree is void *ab initio* and "never had legal effect" because Judge Johnson, who presided over the divorce proceedings, used to represent Lewis "in the same matter in controversy" over a decade prior. *Id.* at 11. Harris, Chapman alleges, "participated in enforcement of the void decree and actions taken under color of law." *Id.* at 5.

Since his divorce, Chapman has been the subject of various civil and criminal proceedings, including a 2025 criminal case in which he was charged with felony stalking. *See Texas v. Chapman*, No. DC-2025-CR-0172 (137th Dist. Ct., Lubbock County, Tex. Jan. 21, 2025). He asserts that these proceedings—"including stalking charges, capias warrants, bond surrenders, incompetency evaluations, and incarcerations—arose solely from [his]

void [divorce] decree and were themselves void." Dkt. No. 16 at 11–12. Therefore, he seeks (1) a declaratory judgment that the state divorce decree was void *ab initio*, and (2) a permanent injunction "prohibiting enforcement of the void decree and restoring all rights and property taken under color of law." *Id.* at 7–8. He has also filed numerous motions for emergency relief—for example, a temporary restraining order to "prevent his arrest based on a void capias and void bond surrender issued on September 26, 2025." *See, e.g.*, Dkt. No. 9 at 2. As the FCR noted, this request likely relates to the stalking case. Dkt. No. 77 at 3.

### B.    Judge Burch's FCR

Harris and Lewis moved to dismiss under Rule 12(b)(1), arguing—among other things—that the Court lacks subject-matter jurisdiction over Chapman's claims. Dkt. Nos. 50 at 3–8; 60 at 3–8. Judge Johnson also moved to dismiss under Rules 12(b)(1) and 12(b)(6), but he did so nearly two weeks after filing his answer. *See* Dkt. Nos. 65; 76.

Judge Burch issued a thorough FCR on May 14, 2026. *See* Dkt. No. 77. First, the FCR recommends denying Judge Johnson's motion to dismiss as untimely because it was not filed before Judge Johnson's responsive pleading. *Id.* at 3–4. Second, the FCR explains that the Court lacks subject-matter jurisdiction over Chapman's claims under the *Rooker-Feldman* doctrine, which generally bars federal courts from entertaining collateral attacks on state-court judgments. *Id.* at 8–12. Third, to the extent any state proceedings are still pending, the FCR recommends that the Court abstain from considering Chapman's claims under the *Younger* abstention doctrine. *Id.* at 12–15. Fourth, the FCR concludes that Chapman lacks Article III standing. *Id.* at 15–18. Lastly, because Judge Burch concluded that the Court lacks subject-matter jurisdiction over Chapman's claims under *Rooker-*

*Feldman* and that *Younger* abstention otherwise applies, the FCR declined to address the sufficiency of the pleadings for purposes of Rule 12(b)(6).  *Id.* at 18.

Judge Johnson did not object to the FCR, but Chapman did.  *See* Dkt. No. 79.  Harris and Lewis responded to the objections (Dkt. No. 85) and Chapman replied (Dkt. No. 90).  The objections are ripe for review.

**2.    Legal Standard**

A party who seeks to object to any part of a Magistrate Judge's FCR must file specific written objections within 14 days after being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  As for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendation only for plain error.  *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

When a party files objections, the Court must review those objected-to portions de novo.  28 U.S.C. § 636(b)(1); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994).  The district court may then accept, reject, or modify the recommendations or findings, in whole or in part.  Fed. R. Civ. P. 72(b)(3).  Objections to the FCR must be "specific"; they must "put the district court on notice of the urged error."  *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984).  "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found."  *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022).

–4–

The district court need not consider "[f]rivolous, conclusive[,] or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quotation omitted). And "[i]t is well settled that issues raised for the first time in objections to a magistrate judge's report are deemed not properly before the district court." *K Invs., Inc. v. B-Gas Ltd.*, No. 21-40642, 2022 WL 964210, at *5 (5th Cir. Mar. 30, 2022) (first citing *Cupit v. Whitley*, 28 F.3d 532, 535–36 n.5 (5th Cir. 1994); then citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); and then citing *Harrison v. Smith*, 83 F. App'x 630, 632 (5th Cir. 2003)).

### 3.    Analysis

Chapman raises ten objections to the FCR. *See* Dkt. No. 79 at 6–8. The Court overrules each objection and adopts the FCR in full.[1]

Objection One asserts that the FCR "omits all controlling constitutional and statutory authority" and "dismisses [Chapman's] voidness contention as 'dubious at best' without analysis." *Id.* at 6. The Court disagrees. Chapman points to cases and statutes that are inapposite. *See id.* at 8–9. He cites, for example, 28 U.S.C. § 455(b)—a federal statute that governs the disqualification of federal judges, not state judges. And more importantly, Chapman raises merits arguments that the Court lacks jurisdiction to reach under *Rooker-Feldman*. His federal claims, which rest on a purportedly void state divorce decree, "are inextricably intertwined with a challenged state court judgment" and "seek[] what in substance would be appellate review of the state judgment." *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (citation modified). Contrary to Chapman's assertions, Judge Burch correctly analyzed Chapman's voidness contention, noting that it is at best

---

[1] The Court has reviewed all unobjected-to portions of the FCR for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

"dubious" to label the state divorce decree as void. Dkt. No. 77 at 10 & n.4. After all, a judgment is void under Texas law only if it "was rendered without 'jurisdictional power,'" which is not what Chapman alleges. *Nunu v. Texas*, No. 21-20446, 2022 WL 820744, at *2 (5th Cir. Mar. 17, 2022) (quotation omitted). And even if there is a voidness exception to *Rooker-Feldman*, "it has only been applied in the bankruptcy context." *Hutchings v. County of Llano*, No. 20-50885, 2022 WL 3716483, at *1 (5th Cir. Aug. 29, 2022); *see also Starks v. Davis*, No. 21-11154, 2022 WL 17591477, at *1 (5th Cir. Dec. 13, 2022) (noting that cases addressing a voidness exception to *Rooker-Feldman* "indicate that [the exception] is presently limited to the bankruptcy context"). This is not a bankruptcy case. Thus, the *Rooker-Feldman* doctrine applies and the Court lacks subject-matter jurisdiction. *See Price v. Porter*, 351 F. App'x 925, 926–27 (5th Cir. 2009) (concluding that *Rooker-Feldman* barred a claim based on the assertion that a state judge should have recused himself because of a conflict of interest). Objection One is overruled.

So is Objection Two, which argues that the FCR is "internally contradictory" because it recommends dismissing Chapman's claims against Judge Johnson while also recommending that the Court deny Judge Johnson's motion to dismiss as untimely. Dkt. No. 79 at 15. This objection is frivolous. Just because Judge Johnson's motion to dismiss is untimely does not mean the Court must continue to exercise jurisdiction that it does not have. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause . . . ." (quotation omitted)).

Objection Three also lacks merit. Chapman again challenges the FCR's application of the *Rooker-Feldman* doctrine, arguing that "[a] federal court asked to declare that a state-court judgment is void *ab initio* because the rendering judge was constitutionally disqualified

– 6 –

does not engage in appellate review of that judgment." Dkt. No. 79 at 18. Consistent with the Fifth Circuit's decisions in similar cases, the Court disagrees that Chapman's allegations about Judge Johnson's capacity to preside over the divorce proceedings is "an antecedent inquiry" that falls outside *Rooker-Feldman*'s scope. *Id.*; *see Price*, 351 F. App'x at 926–27; *Minor v. Texas*, 62 F.3d 395, 395 (5th Cir. 1995). So Objection Three is also overruled.

Objections Four and "Four A" fare no better. In Objection Four, Chapman disagrees with the FCR's conclusion that he failed to plead sufficient facts in his complaint to invoke the bad-faith/exceptional-circumstances exception to *Younger* abstention. Dkt. No. 79 at 20. So, with his objections, he included supplemental evidence that allegedly "satisfies bad faith." *Id.* at 20–21 (arguing that the FCR "is wrong on the supplemented record"). The same goes for Objection "Four A," which claims that the "supplemented record on de novo review establishes that no adequate state forum exists" to adjudicate Chapman's claims. *Id.* at 26. But the "supplemented record" is not properly before the Court because it was raised for the first time in Chapman's objections. *See K Invs.*, 2022 WL 964210, at *5. Accordingly, the Court declines to consider Chapman's supplemental evidence and overrules the objections.

Next, the Court need not resolve Objections Five and Six, which challenge the FCR's Article III standing analysis. *See* Dkt. No. 79 at 31–35. Because the Court concludes that it lacks subject-matter jurisdiction over Chapman's claims on other grounds, it declines to address whether Chapman has standing to press his claims against Harris, Lewis, and

Judge Johnson.[2]  *See, e.g., NiGen Biotech, LLC v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015) ("Federal courts may analyze arguments that question our jurisdiction in any order.").

Objection Seven takes issue with the FCR's recommendation to deny all pending motions as moot should the Court agree that it lacks subject-matter jurisdiction over Chapman's claims. Dkt. No. 79 at 35–36.  In his view, the proper course is to vacate the motions or deny them without prejudice for want of jurisdiction. *Id.* at 36.  To be clear, the Court's denial of the pending motions is without prejudice; in this context, a mootness denial only indicates that the motions are no longer live given the Court's dismissal of the case for lack of jurisdiction. Objection Seven is also overruled.

Objection Eight is another variation of Chapman's *Rooker-Feldman* argument.  He argues that the FCR's reliance on "three unpublished per curiam decisions" to address the voidness exception "is a methodological error that should be corrected on de novo review." *Id.* at 39.  While unpublished Fifth Circuit decisions do not bind the Court, they are persuasive authority.  And the Court concludes that the Fifth Circuit's unpublished decisions on the voidness exception are persuasive here. Objection Eight is overruled.

Lastly, while framed as an objection, Objection Nine simply requests leave to amend the complaint. *Id.* at 40.  But Chapman's proposed amendment—narrowing the complaint to a single count "seeking a declaration that the 2016 [state divorce] decree" is "void on its face"—runs into the same problems identified in this Order and in the FCR. *Id.* at 41. Thus, allowing amendment here would be futile. *See Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

---

[2] The same goes for the factual sufficiency of the pleadings.  Because the Court concludes that it lacks subject-matter jurisdiction under *Rooker-Feldman* and that *Younger* abstention otherwise applies, it need not consider the parties' arguments under Rule 12(b)(6). *See* Dkt. No. 77 at 18.

To the extent Chapman raises other arguments and evidence outside his objections, *see, e.g.*, Dkt. No. 83, those filings are untimely and not properly before the Court. *See K Invs.*, 2022 WL 964210, at *5.

## 4. Conclusion

The Court, having conducted its de novo review, overrules Chapman's objections and adopts the FCR in full. Judge Johnson's motion to dismiss (Dkt. No. 76) is denied as untimely. Harris's and Lewis's motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) (Dkt. Nos. 50; 60) are granted, and Chapman's claims against all defendants are dismissed without prejudice. To the extent Chapman's state-court civil and criminal proceedings are ongoing, the Court abstains under *Younger* from considering Chapman's requests for relief related to those proceedings. All other pending motions are denied as moot. Dkt. Nos. 4; 9; 17; 20; 29; 30; 36; 38; 62; 67–69; 71; 74; 88; 91.

So ordered on July __7__, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE